United States District Court
Southern District of Texas
**ENTERED**
February 07, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REVOLUTION PARADOX, LLC, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 24-5058 |
| § | |
| DANIEL MCKEAG, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

This dispute arises out of the plaintiff's acquisition of the defendant's aftermarket vehicle conversion business and subsequent retention of the defendant as an employee. The plaintiff, Revolution Paradox, LLC, has sued the defendant, Daniel McKeag, for breaching the parties' Asset Purchase Agreement governing the sale and for breaching their Employment Agreement governing McKeag's employment at Revolution Paradox. McKeag moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 2).

Based on the pleadings, the motions and briefs, and the applicable law, the court dismisses Revolution Paradox's claims, without prejudice. The reasons for this ruling are below.

**I.     The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II.    Analysis

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting reference omitted).

Revolution Paradox has identified two allegedly valid contracts: the Asset Purchase Agreement and the Employment Agreement. (Docket Entry No. 1-1 at ¶¶ 9, 10, 15, 19). Both contracts are attached to the petition, so this court may consider them on this motion to dismiss. *See Inclusive Cmtys. Project*, 920 F.3d at 900. Revolution Paradox paid McKeag $1.9 million to purchase his company, L.S. International, Inc., under the Asset Purchase Agreement. (Docket Entry No. 1-1 at ¶ 9). Revolution Paradox also agreed to pay McKeag an annual salary of $125,000 under the Employment Agreement. (*Id.* at 26).

Although Revolution Paradox has pleaded the existence of a valid contract, it has failed to sufficiently plead the other elements of its breach of contract claim. The complaint contains no factual allegations as to whether Revolution Paradox performed. This alone warrants dismissal. *See Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (dismissal under Rule 12(b)(6) "is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief" (quoting reference omitted)).

Regarding the third element of a breach of contract claim, the complaint points to several "covenants" in each of the two contracts that McKeag allegedly breached. (Docket Entry No. 1-1 at ¶¶ 16, 20). The complaint also alleges several actions that McKeag took after executing the Employment Agreement, including: (1) "represent[ing] to customers that L.S. International was an active and independent entity," (2) continuing to conduct business under L.S. International, and (3) using Revolution Paradox's resources "to conduct a sham business for his own personal gain." (*Id.* at ¶ 12). However, the complaint does not specify which of McKeag's actions allegedly breached which contract, nor does the complaint provide a factual basis for inferring how those actions breached the identified "covenants." Revolution Paradox's allegations about damages similarly fail to causally connect McKeag's actions to the alleged harm. *See* (*id.* at ¶¶ 12, 13).

3

**III.    Conclusion**

Because Revolution Paradox has failed to plead several essential elements of its breach of contract claims, those claims are dismissed, without prejudice. Revolution Paradox's request for leave to amend, (Docket Entry No. 10 at 8), is granted. Revolution Paradox may file an amended complaint on or before February 28, 2025.

SIGNED on February 7, 2025, at Houston, Texas.

                                   _____
                                   Lee H. Rosenthal
                                   Senior United States District Judge